**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**WILLIAM GUAMAN ACERO**                    **CIVIL ACTION NO. 25-1975**

                                            **SECTION P**

**VS.**

                                            **JUDGE TERRY A. DOUGHTY**

**BRIAN ACUNA, ET AL.**                     **MAG. JUDGE KAYLA D. MCCLUSKY**

## MEMORANDUM ORDER

Petitioner William Guaman Acero, a detainee in the custody of the Department of

Homeland Security and the Bureau of Immigration and Customs Enforcement who petitions for

a writ of habeas corpus under 28 U.S.C. § 2241, moves the Court to order Respondents to, within

three days, show cause why his petition should not be granted.  [doc. # 6].

## A. Three-Day Response Time

Petitioner relies on 28 U.S.C. § 2243, which provides in part, "The writ, or order to show

cause . . . shall be returned within three days unless for good cause additional time, not

exceeding twenty days, is allowed."  However, 28 U.S.C. § 2243 does not control.  As one court

aptly explained:

> [I]n 1976, the Supreme Court promulgated the Rules Governing Section 2254
> Cases. Despite their title, these rules apply not only to Section 2254 cases, but
> they also state that "the district court may apply any or all of these rules to a
> habeas corpus petition not covered by [28 U.S.C. § 2254]." District courts are
> therefore free to apply these rules to habeas petitions brought under 28 U.S.C. §
> 2241, such as Taylor's petition.
>
> The Supreme Court promulgated these rules pursuant to 28 U.S.C. § 2072. That
> section provides that "all laws in conflict with such rules shall be of no further
> force or effect after such rules have taken effect," and that nothing in Title 28
> "shall in any way limit, supersede, or repeal any such rules heretofore prescribed
> by the Supreme Court."  28 U.S.C. § 2072(a), (b).  Although the statute provides
> that the rules shall not "abridge, enlarge, or modify any substantive right," *id.* §

2072(b), the right to a hearing petitioner seeks involves a procedural, not a substantive, right. Therefore, the Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243.

Numerous other courts have come to the same conclusion. *See, e.g.*, *Cluchette v. Rushen*, 770 F.2d 1469, 1474-75 (9th Cir. 1985) (holding that Rule 4 of the Rules Governing Section 2254 Procedures supersedes the strict scheduling requirements of 28 U.S.C. § 2243); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577-78 (N.D. Tex. 2001) (denying a motion for an expedited hearing under 28 U.S.C. § 2243 because Rule 8 of the Rules Governing Section 2254 Procedures supersedes the statute's requirements); *Romero v. Cole*, No. 16-148, 2016 WL 2893709, at *2 (W.D. La. 2018) ("[I]t is well settled that that the strict limit prescribed by § 2243 is subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases."); *Kramer v. Jenkins*, 108 F.R.D. 429, 431-32 (N.D. Ill. 1985) (applying the same reasoning and finding the Section 2254 Rules govern in any conflict between the Section 2254 Rules and 28 U.S.C. § 2243). One court bluntly acknowledged that "[o]beying the explicit directives of Section 2243 is not possible." *In re Habeas Corpus Cases*, 216 F.R.D. 52, 54 (E.D.N.Y. 2001).

*Taylor v. Gusman*, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020); see *Y.V.S. v. Wolf*, 2020 WL 4926545, at *2 (W.D. Tex. Aug. 21, 2020).[1]

Rule 4 of the Rules Governing Section 2254 Cases governs. It provides in pertinent part, "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . ." RULES GOVERNING SECTION 2254 CASES, RULE 4. Applying Rule 4 here, the Court declines to set a 3-day response time. Instead, under the circumstances, a 21-day response time is appropriate.

---

[1] *See also* RULES GOVERNING SECTION 2254 CASES, RULE 4, ADVISORY COMMITTEE NOTES ("In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. Under § 2243, the respondent must make a return within three days after being so ordered, with additional time of up to forty days allowed under the Federal Rules of Civil Procedure, Rule 81(a)(2), for good cause. In view of the widespread state of work overload in prosecutors' offices (see, *e.g., Allen*, 424 F.2d at 141), additional time is granted in some jurisdictions as a matter of course. Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made.").

**B. Merits of Underlying Claims**

Petitioner appears to present the merits of his underlying claims in the instant motion.  To the extent that by presenting the merits of his claims and simultaneously seeking a 3-day response time, Petitioner seeks a temporary restraining order, his motion is denied.

Under the Local Rules for the Western District of Louisiana:

> An application for a temporary restraining order must be accompanied by a certificate of the applicant's attorney, or by an affidavit, or by other proof satisfactory to the court, stating (1) that actual notice of the time of making the application, and copies of all pleadings and other papers filed in the action to date or to be presented to the court at the hearing, have been furnished to the adverse party's attorney, if known, otherwise to the adverse party; or (2) the efforts made by the applicant to give such notice and furnish such copies.

L.R. 65.1.  Here, Petitioner has not complied with the Court's local rules pertaining to motions for temporary restraining orders.  To seek a temporary restraining order, his counsel must file a properly captioned motion and comply with the local rules.

## Order

To the extent Petitioner seeks a 3-day response time, the motion, [doc. # 6], is **DENIED**. To the extent Petitioner seeks a response time shorter than the 60-day deadline set forth in the form summonses, the motion is **GRANTED** as detailed below.  If Petitioner wishes to seek a temporary restraining order, he must take the actions set forth above.

**IT IS ORDERED** that Respondents file a response to the Petition within **21 days** following the date of service.

**IT IS FURTHER ORDERED** that Petitioner shall have **7 days** following the filing of Respondents' response to file a reply.

When the record is complete, the Court will determine the necessity of an evidentiary hearing.

3

In Chambers, Monroe, Louisiana, this 23rd day of January, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge